CLARK COUNTY SCHOOL DISTRICT OFFICE OF THE GENERAL COUNSEL
MELISSA ALESSI, ESQ.
Nevada Bar No. 9493
5100 West Sahara Avenue
Las Vegas, Nevada 89146
Telephone: (702) 799-5373
Facsimile: (702) 799-7243
alessm1@nv.ccsd.net
Attorneys for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
*********

| | |
|---|---|
| JANE DOE, a minor, by and through her natural parent and legal guardian, GRACE DOE,<br><br>Plaintiffs,<br><br>v.<br><br>RABIA KHAN, an individual; and CLARK COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada.<br><br>Defendants. | CASE NO. 2:23-cv-00922 |

## NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441 – FEDERAL QUESTION

Defendant Clark County School District, ("Defendant"), by and through its counsel of record, Clark County School District, Office of the General Counsel, hereby give notice of removal of this action to the United States District Court for the District of Nevada. In support of this Notice of Removal, Defendant states as follows:

1. On May 1, 2023, Plaintiff Jane Doe, a minor, by and through her natural parent and legal guardian, Grace Doe ("Plaintiff") commenced an action in the Eighth Judicial District Court of the State of Nevada, in and for the County of

Clark, Case No. A-23-869878-C, captioned as follows: Jane Doe, a minor, by and through her natural parent and legal guardian, Grace Doe, Plaintiffs vs. Rabia Khan, an individual; and Clark County School District, a political subdivision of the State of Nevada, Defendants. A true and correct copy of the Summons and Complaint in Case No. A-23-869878-C are attached hereto as Exhibit 1 and incorporated by this reference.

2. Defendant Clark County School District ("School District") was served with a copy of the Summons and Complaint on May 11, 2023; Defendant Rabia Khan was served with a copy of the Summons and Complaint on May 12, 2023.

3. This Notice of Removal is timely as it is being filed within thirty days of service upon the first defendant served in this action, Clark County School District.

4. The jurisdictional ground for removal is that this matter involves a federal question. These actions are civil actions over which this Court has original jurisdiction under 28 U.S.C. § 1331, and which may be removed to this court by Defendants pursuant to 28 U.S.C. § 1441 in that Plaintiff asserts that Defendant CCSD violated Plaintiff's protections under Article 1, Section 8 of the Constitution of the State of Nevada and that there was a violation of Plaintiff's constitutional rights. Plaintiff further alleges that she is entitled to attorney's fees pursuant to 42 U.S.C. § 1988. *Exhibit 1, at 6:7-7:13.*

5. This Court is the proper venue for the removal of this action based upon the allegations in Plaintiff's Complaint.

6. Attached to this notice are copies of all process and pleadings. No orders have been filed in this lawsuit.

7. There are no other appearing defendants to consent to removal of this action to federal court. All appearing Defendants consent to removal.

Dated this 12th day of June, 2023.

                CLARK COUNTY SCHOOL DISTRICT
                OFFICE OF THE GENERAL COUNSEL

*Melissa L. Alessi*

Melissa L. Alessi, Esq.; NV Bar No. 9493
5100 W. Sahara Ave.
Las Vegas, NV 89146
Attorneys for Defendant

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of June, 2023, I served a true and correct of the above-entitled document **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441 – FEDERAL QUESTION**, was served by e-service through the Nevada United States District Court CM/ECF System upon:

> Cory M. Ford, Esq.
> Lagomarsino Law
> 3005 West Horizon Ridge Pkwy, Suite 241
> Henderson, NV 89052
> cory@lagomarsinolaw.com
> Phone: 702-383-2864
> Attorney for Plaintiff Grace Doe

*/s/ Christine Reeves*
A Clark County School District employee

EXHIBIT 1

```
 1  SUMM
    LAGOMARSINO LAW
 2  ANDRE M. LAGOMARSINO, ESQ.
    Nevada Bar No. 6711
 3  CORY M. FORD, ESQ.
    Nevada Bar No. 15042
 4  3005 West Horizon Ridge Parkway, #241
    Henderson, Nevada 89052
 5  Telephone: (702) 383-2864
    Facsimile: (702) 383-0065
 6  Attorneys for Plaintiff Jane Doe
```

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JANE DOE, a minor, by and through her natural parent and legal guardian, GRACE DOE, | CASE NO.: A-23-869878-C |
| | DEPT. NO.: |
| Plaintiff, | |
| vs. | **SUMMONS** |
| RABIA KHAN, an individual; and CLARK COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada, | |
| Defendants. | |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU FILE A RESPONSE WITH THE COURT WITHIN TWENTY-ONE (21) DAYS. READ THE INFORMATION BELOW CAREFULLY.**

To the Defendant named above:   RABIA KHAN, an individual; and CLARK COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada.

A civil complaint has been filed by the Plaintiff against you. Plaintiff is seeking to recover the relief requested in the complaint, which could include a money judgment against you or some other form of relief.

If you intend to defend this lawsuit, within twenty-one (21) calendar days after this Summons is served on you (not counting the day of service), you must:

1. File with the Clerk of the Court, whose address is shown below, a formal written response

Page 1 of 2
Case Number. A-23-869878-C

RECEIVED
ON BEHALF OF CCSD ONLY
BY S.Grace    DATE 5/11/23
Response 4/24/23

(typically a legal document called an "answer," but potentially some other response) to Plaintiff's complaint.

2. Pay the required filing fee to the court or file an Application to Proceed *In Forma Pauperis* and request a waiver of the filing fee.

3. Serve (by mail or hand delivery) a copy of your response upon the Plaintiff whose name and address are shown below.

If you fail to respond, the Plaintiff could request your default. The court can then enter judgment against you for the relief demanded by the Plaintiff in the complaint, which could result in money or property being taken from you or some other relief requested in Plaintiffs' complaint.

If you intend to seek an attorney's advice, do it quickly so that your response can be filed on time.

**STEVEN D. GRIERSON, CLERK OF COURT**

By: _____  5/1/2023
Deputy Clerk                           Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

Demond Palmer

Issued at the request of:

LAGOMARSINO LAW

_____
ANDRE M. LAGOMARSINO, ESQ. (#6711)
CORY M. FORD, ESQ. (#15042)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
*Attorneys for Plaintiff Jane Doe*

Electronically Filed
5/1/2023 9:57 AM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ. (#6711)
CORY M. FORD (#15042)
3005 West Horizon Ridge Pkwy., Suite 241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
cory@lagomarsinolaw.com
*Attorneys for Plaintiff Jane Doe*

CASE NO: A-23-869878-C
Department 29

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| JANE DOE, a minor, by and through her natural parent and legal guardian, GRACE DOE,<br><br>Plaintiff,<br><br>vs.<br><br>RABIA KHAN, an individual; and CLARK COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada,<br><br>Defendants. | CASE NO.:<br><br>DEPT. NO.:<br><br><br>**COMPLAINT**<br>**AND JURY DEMAND** |

COMES NOW Plaintiff, by and through her undersigned attorneys, and hereby submits the following Complaint with this Honorable Court.[1]

### PARTIES TO THIS ACTION

1.  At all times relevant herein, Plaintiff Jane Doe ("Plaintiff") was a minor-aged student enrolled in the first (1st) grade at Sunrise Acres Elementary located at 211 N. 28th St., Las Vegas, Nevada 89101.

2.  At all times relevant herein, Grace Doe ("Plaintiff's mother") is Plaintiff's natural parent and legal guardian and is legally permitted to maintain this action on Plaintiff's behalf

---

[1] "Jane Doe" has been substituted for the minor Plaintiff's name for all causes of action brought through this Complaint. "Grace Doe" has been substituted for the name of the minor Plaintiff's guardian and natural mother.

Page 1 of 12

Case Number: A-23-869878-C

pursuant to NRS 12.080. Plaintiff and Plaintiff's mother were, and are, residents of Clark County, Nevada.

3. Upon information and belief, and at all times relevant herein, Defendant Rabia Khan ("Ms. Khan") was and is a teacher with Defendant Clark County School District. Upon information and belief, Ms. Khan was, and is, a resident of Clark County, Nevada. All of Ms. Khan's conduct alleged herein occurred in Clark County, Nevada and within the course and scope of her employment with Defendant Clark County School District.

4. At all times relevant herein, Defendant Clark County School District (hereinafter "CCSD") was, and is, a division of Clark County, Nevada and a municipality and a political subdivision, organized and existing under the laws of the State of Nevada. Sunrise Acres Elementary ("Sunrise Acres") was, and is, a CCSD school located within Clark County, Nevada.

5. ROE ENTITIES I though X are unknown to Plaintiff and are therefore sued under these fictitious names. Plaintiff is informed and believes that each Defendant designated herein as a ROE ENTITY is responsible for the events and happenings referred to herein by either act or omission. Upon information and belief, said ROE ENTITIES were, and are, involved in the teaching/educational operations and policies for CCSD as detailed herein, organized and existing by virtue of laws of the state of Nevada. Plaintiff will ask leave of the Court to amend this Complaint to insert the true names and capacities of said Defendants as they become identified.

6. DOES I through X are unknown to Plaintiff. Plaintiff is informed and believes that each Defendant designated herein as a DOE is responsible for the events and happenings referred to herein by either act or omission. Said DOE Defendants are in some way responsible for the damages alleged herein including, *inter alia*, the teaching/educational operations and policies for CCSD or involved in incident detailed herein. Further, the acts and/or omissions of the named Defendant(s) may be attributed to said DOE Defendants. Plaintiff will ask leave of the Court to amend this

Complaint to insert the true names and capacities of said DOE Defendants as they become identified.

## JURISDICTION AND VENUE

7. Pursuant to Article 6, Section 6 of the Constitution of the State of Nevada, the District Courts have original jurisdiction in all cases excluded by law from the original jurisdiction of the Justice Courts.

8. NRS 4.370 sets forth the cases in which the Justice Court has original jurisdiction.

9. In the instant matter, Plaintiff alleges damages in excess of $15,000.00, and the Justice Court does not have original jurisdiction. As such, this Court has jurisdiction over the instant matter under Article 6, Section 6 of the Constitution of the State of Nevada.

10. Personal jurisdiction and venue are appropriate since Defendants conduct their affairs and the unlawful conduct complained of herein occurred in this district.

## ALLEGATIONS COMMON TO ALL CLAIMS

11. Paragraphs 1 through 10 are specifically included and incorporated as though fully set forth herein.

12. On or about September 12, 2022, while enrolled and attending Sunrise Acres, Plaintiff's first (1st) grade teacher, Ms. Khan, placed scotch tape around Plaintiff's mouth during class. Upon information and belief, Ms. Khan placed the scotch tape around Plaintiff's mouth because she was talking during class.

13. Upon information and belief, Ms. Khan has also placed scotch tape around another one Plaintiff's classmate's mouth on another occasion.

14. Following the incident, Plaintiff told her mother that she no longer wanted to go to school. Plaintiff's mother thought her daughter's comment was odd because she had never heard her say that before.

15. On or about September 16, 2022, four (4) days after the incident, the Vice Principal of Sunrise Acres called Plaintiff's mother and informed her that Ms. Khan placed taped over her daughter's mouth during class.

16. That same day, Plaintiff's mother was also contacted by the CCSD Police Department notifying her that Ms. Khan had been removed from the classroom.

17. Additionally, upon information and belief, the Department of Family Services, Family Services Specialist, Crystal Rose, began investigating Ms. Khan's conduct surrounding the subject incident.

18. Despite this, CCSD failed to rectify the situation. Upon information and belief, Ms. Khan was and still is employed at Sunrise Acres despite physically abusing Plaintiff and another student by placing scotch tape around their mouths during class.[2]

19. After Plaintiff's mother found out about the incident, Plaintiff stopped attending Sunrise Acres and Plaintiff's mother transferred Plaintiff to a different school due to the serious concerns for her daughter's safety at Sunrise Acres.

20. Since, and because of the incident on or about September 12, 2022, Plaintiff, among other things, lost valuable educational instruction time due to Ms. Khan's abuse and was forced to uproot her life and move to an entirely different school during the school year in order to try to find a safe educational environment.

21. The abusive punishment practices that were ignored or covered-up by the CCSD has made Plaintiff's mother fearful for her young daughter's physical safety and emotional welfare.

### CCSD'S INADEQUATE TRAINING AND SUPERVISORY POLICIES FOR SUNRISE ACRES WERE DELIBERATELY INDIFFERENT TO THE RIGHTS OF PLAINTIFF AND OTHER STUDENTS. THE POLICIES CAUSED PLAINTIFF TO BE PHYSICALLY ABUSED AND VIOLATED HER CONSTITUTIONAL RIGHTS.

22. The physical abuse administered by Ms. Khan on Plaintiff served no legitimate

---

[2] As of the time of filing, Ms. Kahn is still listed on Sunrise Acres' staff directory.

Page 4 of 12

educational or other purpose, but instead was inflicted solely to punish and humiliate Plaintiff.

23. The action of inflicting corporal punishment on young children has been followed and condoned by CCSD and are practices which are still pursued and condoned by CCSD schools, including Sunrise Acres.

24. At all times relevant herein, there has been a policy, practice, and custom at CCSD's Sunrise Acres to allow teachers, including Ms. Khan, to abuse minor students by resorting to physically abusive punishment and the use corporal punishment.

25. At all times relevant herein, CCSD failed to have and/or implement a policy of training and supervising its teachers and staff members on proper behavioral interventions and disciplinary action with students.

26. At all times relevant herein, there was an obvious need for CCSD to properly train its teachers and staff members to not physically abuse its students.

27. CCSD failed to implement proper training and supervision and, as a result, allowed Ms. Khan to physically abuse Plaintiff as well as another classmate during class.

28. As a result of CCSD's failure to adequately train and supervise all of its employees, Plaintiff and another minor student were physically abused by Ms. Kahn. Due to this failure, Ms. Khan placed scotched tape around Plaintiff's mouth during class. This is a violation of Plaintiff's substantive due process right under Article 1, Section 8 of the Constitution of the State of Nevada.

29. As a direct and proximate result of CCSD's wrongful conduct, Plaintiff suffered, and continues to suffer, physical, mental, and emotional injuries to her person, all of which caused her physical, mental, and emotional pain and suffering.

///

///

///

# 1st CAUSE OF ACTION

VIOLATION OF- SUBSTANTIVE DUE PROCESS RIGHT UNDER ARTICLE 1, SECTION 8 OF THE CONSTITUTION OF THE STATE OF NEVADA

*Monell Municipal Liability Against CCSD*

30. Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 29 as though fully set forth herein.

31. By their actions as described herein, the Defendants, under color of statute, ordinance, regulation, custom, or usage, subjected Plaintiff to the deprivation of rights, privileges, or immunities secured by the Constitution of the State of Nevada. Specifically, Plaintiff Jane Doe, as a public school student, had a right to be free from unjustified intrusions on her personal security, including the liberty interest in her own bodily security and freedom from infliction of pain.

32. At all times relevant herein, CCSD had a special relationship with Plaintiff Jane Doe, as it voluntarily took responsibility for Plaintiff's care, safety, and supervision while Plaintiff was in Sunrise Acres' care. Therefore, CCSD owed Plaintiff Jane Doe a duty of reasonable care regarding risks that could foreseeably arise within the scope of that special relationship.

33. At all times relevant herein, Ms. Khan acted in her capacity as the teacher of Plaintiff and her classmates. Plaintiff and her classmates were therefore under Ms. Khan's supervision in the classroom. Ms. Khan was acting under the color of law and was authorized by the State of Nevada and CCSD to teach and supervise students, including Plaintiff. Ms. Khan violated Plaintiff's constitutional rights pursuant to CCSD's policy and practice of acquiescing its teachers to use physically abusive punishment and corporal punishment on its students. CCSD was aware that its teachers and staff members should not use corporal punishment and physically abusive punishment on students and failed to adequately train and supervise Ms. Khan to remedy this danger. CCSD also failed to train and supervise its teacher and staff members on proper behavioral interventions and disciplinary action and therefore, allowed Ms. Khan's behavior to take place.

34. Through its conduct, CCSD created the opportunity for Ms. Khan to physically abuse and punish Plaintiff by placing scotch tape around her mouth. But for CCSD's conduct, the danger Ms. Khan posed to Plaintiff Jane Doe would not have existed. Ms. Khan's actions demonstrate deliberate indifference to Plaintiff's rights. The need for a different course of action, specifically training and supervising Ms. Khan, to prevent her from using physically abusive punishment and corporal punishment on students such as Plaintiff was obvious. Yet, CCSD did nothing to prevent Ms. Khan's conduct despite knowing that the failure to adequately train and supervise its teacher and staff members on proper behavioral interventions and disciplinary action could subject a student to being physically abused by a teacher. The inadequacy of the policy in training and supervising its teachers and staff members in this respect was very likely to, and did, result in the violation of Plaintiff's substantive due process right under Article 1, Section 8 of the Constitution of the State of Nevada.

35. CCSD failed to adequately train and supervise Ms. Khan. CCSD was deliberately indifferent to the Plaintiff's exposure to corporal punishment and physically abusive punishment. Not only did CCSD fail to train and supervise Ms. Khan, it created an environment that allowed her to use physically abusive punishment and corporal punishment on Plaintiff by placing scotch tape around her mouth to try to prevent her from talking.

36. CCSD acquiesced to, and authorized, Ms. Khan to be left alone in her classroom and make the decision to punish students through the use of physical abuse. This acquiescence and authorization allowed Plaintiff to be physically abused by having scotch tape placed around her mouth. This inadequate practice of allowing a teacher to punish a child by using physical abuse demonstrated a deliberate indifference to Plaintiff's rights.

37. Because of CCSD's deliberate indifference, Plaintiff was physically abused by Ms. Khan in violation of her substantive due process right under Article 1, Section 8 of the Constitution

of the State of Nevada. CCSD is liable to Plaintiff for its failure to train and supervise Ms. Khan to prevent the use corporal punishment and physical abuse as punishment on students. CCSD's training and supervision of its employees was grossly inadequate, amounted to deliberate indifference by CCSD, and was the moving force causing the state constitutional violation against Plaintiff.

38. As a direct and proximate result of CCSD's unconstitutional conduct, Plaintiff suffered, and continues to suffer, physical, mental, and emotional injuries to her person. Those injuries caused her physical, mental, and emotional pain and suffering. Plaintiff is entitled to compensatory damages for the physical, mental, and emotional pain and suffering she endured as a result of Ms. Khan's and CCSD's violations of her substantive due process right under Article 1, Section 8 of the Constitution of the State of Nevada.

39. Plaintiff is entitled to attorney's fees pursuant to 42 U.S.C. § 1988.

## 2nd CAUSE OF ACTION

NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

*Against CCSD*

40. Plaintiff repeats, re-alleges, and incorporates herein by reference Paragraph 1 through 39, as though fully set forth herein.

41. At all times herein, CCSD owed a duty of care to Plaintiff, and to other students at Sunrise Acres, to hire, train, supervise, and retain teachers and staff members who were competent, trained, educated, experienced, and otherwise capable and qualified to provide a safe environment conducive to education, including protecting Plaintiff and other students from physical abuse of teachers and staff members.

42. CCSD breached the aforementioned duties by failing to properly hire, train, supervise, and retain teachers and staff members who can properly provide a safe environment

conducive to education, including protecting Plaintiff and other students from physical abuse of teachers and staff members in a professional and reasonable manner. These failures enabled Ms. Khan to be in a position where she was able to physically abuse Plaintiff, as well as another student, by placing scotch tape around their mouths.

43. CCSD knew, or had reason to know, that Ms. Khan was violently inclined, was careless, and was prone to use corporal punishment and negative reinforcement through physically abusive punishment, likely to lead to injuries to a student, including Plaintiff.

44. CCSD failed to do any combination of the following: properly hire, train, supervise, oversee, and evaluate, teachers and staff members at Sunrise Acres to such an extent that Plaintiff became a victim of physical abuse.

45. As a direct and proximate result of CCSD's breaches, Plaintiff suffered, and continues to suffer, physical, mental, and emotional injuries to her persons, all of which cause her physical, mental, and emotional pain and suffering.

46. Plaintiff suffered, and continues to suffer, compensatory damages for physical, mental, and emotional pain and suffering in an amount well in excess of $15,000.00.

47. Plaintiff has been required to retain an attorney to prosecute this matter and is entitled to an award of reasonable attorney's fees and costs incurred herein.

### 3rd CAUSE OF ACTION

NEGLIGENCE

*Against All Defendants*

48. Plaintiff repeats, re-alleges, and incorporates herein by reference Paragraph 1 through 47, as though fully set forth herein.

49. At all times herein, CCSD teachers and staff members owed a duty of care to the students that they taught and supervised, including Plaintiff.

50. As a CCSD teacher, Ms. Khan owed the following duties of care to her students, including to Plaintiff: (1) supervise students; (2) act reasonably with respect to the safety of her students (3) obey all laws; and (4) exercise reasonable caution and professional judgment to avoid harming her students.

51. Additionally, Chapter 391 of the Nevada Administrative Code ("NAC"), Chapters 385, 388, 391, and 432B of the Nevada Revised Statutes ("NRS"), and the common law of the State of Nevada, impose a duty of reasonable professional judgment and reasonable care upon CCSD and its employees in carrying out their responsibilities.

52. NRS 392.4633(1) also prohibits the administration of corporal punishment upon a pupil in any public school.

53. Ms. Khan committed negligence *per se* by inflicting corporal punishment upon Plaintiff.

54. Ms. Khan breached the duty of care she owed to Plaintiff when she physically abused Plaintiff by placing scotch tape around Plaintiff's mouth during class.

55. As a direct and proximate result of Ms. Khan's breaches, Plaintiff suffered, and continues to suffer, physical, mental, and emotional injuries to her persons, all of which cause her physical, mental, and emotional pain and suffering.

56. At all times herein, Ms. Khan's conduct occurred directly within the course and scope of her employment as a teacher with CCSD, as the conduct described herein occurred in her classroom during school.

57. CCSD is therefore vicariously liable for the injuries that Plaintiff suffered as a result of Ms. Khan's negligence under the doctrine of *respondeat superior*.

58. Plaintiff suffered, and continues to suffer, compensatory damages for physical, mental, and emotional pain and suffering in an amount well in excess of $15,000.00.

59. Plaintiff has been required to retain an attorney to prosecute this matter and is entitled to an award of reasonable attorney's fees and costs incurred herein.

### 4th CAUSE OF ACTION

### CIVIL BATTERY

*Against Defendants*

60. Plaintiff repeats, re-alleges, and incorporates herein by reference Paragraphs 1 through 60, as though fully set forth herein.

61. Ms. Khan willfully and unlawfully used force and/or violence upon Plaintiff causing the Plaintiff to feel apprehension of harmful and/or offensive contact when Ms. Khan unlawfully placed scotch tape around Plaintiff's mouth.

62. Ms. Khan intended to cause the Plaintiff to feel apprehension of harmful and/or offensive contact when Ms. Khan unlawfully placed scotch tape around Plaintiff's mouth.

63. Ms. Khan's harmful and/or offensive contact in performing this physically abusive act on Plaintiff did occur.

64. As a direct and proximate cause of Khan's battery, Plaintiff sustained, *inter alia*, emotional distress, injuries, bodily trauma, pain and suffering, and other related damages, some or all of which may be permanent and/or disabling in nature, all to his damages in an amount in excess of $15,000.00.

65. That Ms. Khan's acts were wanton, indifferent, malicious, and done with a conscious and reckless disregard for Plaintiff's health, safety, and rights. Moreover, the acts of Ms. Khan in this cause of action were in derogation, exclusion, and/or defiance, of Plaintiff's rights.

66. Therefore, Plaintiff should be entitled to punitive damages in an amount in excess of $15,000.00 against Ms. Khan.

67. At all times relevant herein, Ms. Khan was acting in the course and scope of his

employment with CCSD. Thus, CCSD is vicariously liable for the conduct of Ms. Khan.

68. Plaintiff has been required to retain an attorney to prosecute this matter and is entitled to an award of reasonable attorney's fees and costs incurred herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment in favor of Plaintiff and against Defendants as follows:

1. For compensatory damages for injuries and pain and suffering;
2. For reasonable costs, interest, and attorney's fees incurred in prosecuting this action;
3. For punitive damages in a sum in excess of $15,000.00; and
4. For such other and further relief as the Court may deem just and proper.

DATED this 1st day of May 2023.

LAGOMARSINO LAW

ANDRE M. LAGOMARSINO, ESQ. (#6711)
CORY M. FORD, ESQ. (#15042)
3005 West Horizon Ridge Pkwy., Suite 241
Las Vegas, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
*Attorneys for Plaintiff Jane Doe*

### JURY DEMAND

PLEASE TAKE NOTICE that Plaintiff, by and through her undersigned attorneys, hereby demands a jury trial of all issues in the above-referenced matter.

DATED this 1st day of May 2023.

LAGOMARSINO LAW

ANDRE M. LAGOMARSINO, ESQ. (#6711)
CORY M. FORD, ESQ. (#15042)
3005 West Horizon Ridge Pkwy., Suite 241
Las Vegas, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
*Attorneys for Plaintiff Jane Doe*